UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CEDRIC SCOTT,

                      Plaintiff,

        -against-

AFFIRM, INC.,
SYNCHRONY BANK,
EXPERIAN INFORMATION SOLUTIONS, INC.,
EQUIFAX INFORMATION SERVICES, LLC

                      Defendants.
------------------------------------------------------------X

**SUA SPONTE REPORT AND RECOMMENDATION**
22-CV-04432 (ARR) (JMW)

**APPEARANCES:**

Nicola C. Richards
Alain Cesar
Craig B. Sanders
**Sanders Law Group**
100 Garden City Plaza, Suite 500
Garden City, NY 11530
*For Plaintiff Cedric Scott*

Arjun P. Rao, Esq.
**Stroock & Stroock & Lavan LLP**
180 Maiden Lane
New York, NY 10038-4982
*For Defendant Affirm, Inc.*

John P. Kennedy, Esq.
**Reed Smith LLP**
599 Lexington Avenue
New York, NY 10022-7650
*For Defendant Synchrony Bank*

**WICKS,** Magistrate Judge:

      Plaintiff Cedric Scott commenced this action on June 6, 2021, against Affirm, Inc. ("Affirm"), Synchrony Bank ("Synchrony"), Experian Information Solutions, Inc. ("Experian"),

and Equifax Information Services, LLC ("Equifax") (together, "Defendants") in Suffolk County Supreme Court for the State of New York. (*See* DE 1-1.) Plaintiff's Complaint alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq* and relevant New York state law. (*Id.* at ¶ 1.) Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendants removed the action to federal court. (DE 1.)

Having reviewed the allegations of the Complaint, this Court issued an Order to Show Cause on September 13, 2022, directing Defendants—the party bearing the burden of establishing federal subject matter jurisdiction on removal[1]— to show cause on or before September 20, 2022, as to why the undersigned should not recommend to the Honorable Allyne R. Ross that the case be remanded to the Supreme Court of the State of New York, Suffolk County for lack of subject matter jurisdiction. (Electronic Order, dated Sept. 13, 2022.) Specifically, in light of the Supreme Court's holding in *TransUnion LLC v. Ramirez*, ___ U.S. ___, 141 S. Ct. 2190, 2203 (2021), the responses were to address whether Plaintiff had alleged concrete, particularized injury in fact from the statutory violations alleged in the Complaint or any other basis sufficient to confer Article III standing and subject matter jurisdiction in federal court. (*Id.*)

On September 20, 2022, Defendants Synchrony and Affirm submitted their responses to the Court. (*See* DE 20; DE 21.)[2] Nothing was filed by Plaintiff.

---

[1] *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000); *Sprout Mortgage LLC v. Consolidtaed Analytics, Inc.*, 21-cv-04415 (JMA) (JMW) (E.D.N.Y. Aug. 17, 2021) (defendant bears burden of establishing existence of federal subject matter jurisdiction upon removal); *Pires v. Heller*, No. 04 CIV. 9069 (RJH), 2004 WL 2711075, at *1 (S.D.N.Y. Nov. 24, 2004) ("In order for removal to be considered proper, the removing party must demonstrate that this Court is endowed with the requisite subject matter jurisdiction") (quotes omitted).

[2] Defendants Experian, Equifax, and Affirm have since settled. (*See* DE 14; DE 16; DE 22.) In light of Affirm's settlement subsequent to its filing of its response to the Order to Show Cause, this Order addresses the merits of the letter motions as to the remaining defendant, Synchrony.

## DISCUSSION

The Constitution confines federal courts to only resolve only real cases and controversies. U.S. Const. art. III. To establish Article III standing, plaintiffs must show that they have suffered concrete harm. *TransUnion LLC v. Ramirez*, ___ U.S. at ___, 141 S. Ct. 2190, 2200 (2021); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). The most obvious harms are tangible monetary or physical harms. *E.g., Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016). But harms need not always be tangible in nature. *See TransUnion LLC*, 141 S. Ct. at 2208 (finding plaintiffs sufficiently alleged standing in a Fair Credit Reporting Act case because TransUnion LLC had provided third parties with credit). However, "mere risk of future harm, standing alone, cannot qualify as a concrete harm—at least unless the exposure to the risk of future harm itself causes a *separate* concrete harm." *Id.* Since *TransUnion*, it has been held that "[a] lowered credit score in and of itself is not a concrete harm." *Zlotnick v. Equifax Info. Servs.*, LLC, 583 F. Supp. 3d 387, 392 (E.D.N.Y. 2022). "Where a plaintiff claims that an improper notation on his credit report resulted in a credit score reduction that could cause him reputational and financial harm, the absence of allegations of dissemination to third parties requires dismissal." *Id.*

Defendant Synchrony presents two arguments for subject matter jurisdiction. First, it submits that Plaintiff's alleged emotional distress due to a decreased credit score and fear of being denied credit constitute actual damages under the FCRA. (DE 20.) However, recent cases from this district addressing this exact issue have held otherwise. *See Zlotnick*, 583 F. Supp. 3d at 391 (dismissing FCRA action for failure to allege Article III standing based on allegations of "mental and emotional pain"). Nebulous claims of emotional harm resulting from an inaccurate credit score have been rejected by this Circuit.[3] *See Maddox v. Bank of New York Mellon Tr. Co., N.A.*,

---

[3] The cases cited in Defendant Synchrony's letter motion are inapposite. For example, in *Jenkins v. Chase Bank USA, N.A.*, No. 14-CV-5685 SJF AKT, 2015 WL 4988103, at *8 (E.D.N.Y. Aug. 19, 2015),

3

19 F.4th 58, 65 (2d Cir. 2021) (rejecting claims of emotional distress because it was "not alleged that this purported risk [of securing a loan with a lower credit score] materialized; so it is similarly incapable of giving rise to Article III standing").

Second, Defendant argues that Plaintiff's Complaint includes allegations of third-party dissemination, namely Equifax. (DE 20.) The Court is still unconvinced. Plaintiff alleges, in a conclusory fashion, that "Equifax and Synchrony continued to report" an inaccurate balance, that Defendants reported "those results to all other credit reporting agencies," and that Plaintiff was damaged by Defendants' "dissemination of inaccurate reporting to third parties." (DE 1-1 at ¶¶ 33, 48, 47.) These conclusory allegations are insufficient to confer standing. *See Zlotnick*, 583 F. Supp. 3d at 391. The Complaint is bereft of any facts or statements specifying which parties sent or received these allegedly inaccurate reports. The allegations in Plaintiff's Complaint fail to "plead enough facts to make it plausible that [plaintiff] did indeed suffer the sort of injury that would entitle them to relief" for the purposes of Article III jurisdiction. *Maddox*, 19 F.4th at 65 (further citation omitted). Therefore, Plaintiff's Complaint does not statisfy the injury-in-fact requirement of Article III and the Court lacks subject matter jurisdiction over Plaintiff's FCRA claims.

## **CONCLUSION**

For the foregoing reasons, the Defendant has failed to establish that Plaintiff has alleged a concrete, particularized injury. Accordingly, the undersigned respectfully recommends that this action be remanded to Suffolk County Supreme Court for the State of New York.

---

the court found that mental and emotional distress were actual damages because they were a result of *actual* loan denials.

4

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served on counsel. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this Report and Recommendation either by the District Court or the Court of Appeals. *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("a party shall file objections with the district court or else waive right to appeal"); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision"); *see Monroe v. Hyundai of Manhattan & Westchester*, 372 F. App'x 147, 147–48 (2d Cir. 2010) (same).

Dated: Central Islip, New York
September 30, 2022

/s/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge